FILED
2022 AUG 19 01:00 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-13324-4 SEA

# IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
## FOR THE COUNTY OF KING

| | |
|---|---|
| HOTEL ROSLYN, LLC F/K/A ELLEN & NILS, LLC and SKOBO, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> AMGUARD INSURANCE COMPANY, a foreign insurance company, <br><br> Defendant. | Case No. <br><br> COMPLAINT |

## INTRODUCTION

This insurance coverage lawsuit arises from AmGUARD Insurance Company's ("AmGUARD"), wrongful failure to pay amounts due and owing to Hotel Roslyn, LLC f/k/a Ellen & Nils, LLC and Skobo, LLC (collectively, "Plaintiffs") arising from property damage and related business income losses at Plaintiffs' property, known as Hotel Roslyn, located at 103 West Washington Ave., Roslyn, Washington (the "Property"). Having no other option to recover the insurance policy benefits owed to them, Plaintiffs bring this Complaint against AmGUARD and allege as follows:

///

///

COMPLAINT - 1

4883-0559-4414.2

**MILLER NASH LLP**
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

# PARTIES

1. Plaintiff Hotel Roslyn, LLC f/k/a Ellen & Nils, LLC, is a Washington limited liability company. At all times relevant to this Complaint, all members of Hotel Roslyn, LLC were domiciled in King County, Washington, and Hotel Roslyn, LLC maintains a registered agent in King County, Washington.

2. Plaintiff Skobo, LLC is a Washington limited liability company. At all times relevant to this Complaint, all members of Skobo, LLC were domiciled in King County, Washington, and Skobo, LLC maintains a registered agent in King County, Washington.

3. Defendant AmGUARD Insurance Company is a foreign insurer located in Pennsylvania with its principal place of business in Pennsylvania. AmGUARD conducts business and sells insurance policies in King County and other counties in Washington State.

# JURISDICTION AND VENUE

4. Plaintiffs purchased a Businessowner's Insurance Policy from AmGUARD that was issued and delivered to Plaintiffs in King County, Washington. The Policy includes Washington-specific endorsements.

5. The Court has original jurisdiction over the subject matter of this action under RCW 2.08.010. Venue is proper in King County, Washington, pursuant to RCW 4.12.025 and RCW 48.05.220 since the cause of action for breach of contract and tort arose in King County, Washington.

# FACTUAL BACKGROUND

**A.  Plaintiffs Purchase the Property and Experience Direct Physical Loss or Damage to the Property on or about December 31, 2021.**

6. The Property, known as Hotel Roslyn, is a multi-story hotel with eleven rooms, a lobby, a laundry room, and additional storage space. The Property was constructed in or about 2019.

7. Plaintiffs purchased the Property on December 30, 2021 while located in King

COMPLAINT - 2

4883-0559-4414.2

MILLER NASH LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

County, Washington.

8. At the time of the purchase, Plaintiffs were unaware of any property damage, including water intrusion, at the Property.

9. On December 31, 2021, Hotel Roslyn experienced water intrusion resulting in direct physical loss and damage to the interior and exterior of the Property, which appears to have been caused by ice damming on the roof and roofing structures.

10. Because of direct physical loss of or damage to the Property, Plaintiffs have incurred in excess of $170,000 for, among other things: the repair and replacement of damaged interior and exterior components of the Property and loss of revenue and income arising from the necessary closure of several hotel rooms. Plaintiffs are likely to incur additional future costs to address the direct physical loss or damage to the Property.

**B.** **Plaintiffs Purchased a Broad Businessowner's Insurance Policy to Protect the Property.**

11. Prior to purchasing the Property, Plaintiffs paid a substantial premium to purchase a Businessowner's Insurance Policy, AmGUARD Policy No. HOBP288601 with a policy period of December 30, 2021 through December 30, 2022 (the "Policy").

12. Plaintiffs reasonably understood that the Policy would afford broad insurance coverage for all "risks" of property damage and related business interruption losses arising from catastrophic perils.

13. Insurance that covers all "risks," such as the Policy here, is broader and provides more coverage than an "enumerated perils" property insurance policy that covers only certain specified causes of loss.

14. Under the Policy's Property Insuring Agreement, AmGUARD agreed to pay for "direct physical loss of or damage to" the Property caused by or resulting from any "Covered Cause of Loss."

COMPLAINT - 3

4883-0559-4414.2

MILLER NASH LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

15. Covered Causes of Loss include "[r]isks of direct physical loss unless the loss is" excluded.

16. Coverage extends to "loss or damage commencing" during the policy period.

17. The Policy also specifically includes coverage for debris removal and water damage, including but not limited to: the "cost to tear out and replace any part of the building or structure to repair damage to the system or appliance from which the water or other substance escapes," as well as business income losses and extra expense "caused by direct physical loss or damage" sustained "due to the necessary suspension" of operations during the "period of restoration."

18. The Policy does not exclude, and therefore covers, property damage and loss to the interior and exterior of a building due to ice damming and water intrusion.

19. The Policy specifically covers property damage and loss to the interior of a building if "loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure."

20. Although it is well known in the marketplace that ice damming is a common peril, and that ice damming leads to water intrusion damages, AmGUARD could have, but chose not to, exclude coverage for ice damming.

21. It is also commonly understood that under Washington law (*Vision One, LLC v. Philadelphia Indem. Ins. Co.*, 276 P.3d 300, 308 (Wash. 2012)), losses caused by a covered peril are covered even if an excluded event appears in the chain of causation.

22. After the Policy was bound, AmGUARD failed to provide a complete copy of the Policy to Plaintiffs, including the main property insurance policy form, BP 00 03 01 10, which includes many pertinent exclusions and limitations on coverage.

C. **AmGUARD Belatedly and Unreasonably Denies Policy Benefits to Plaintiffs.**

23. On January 3, 2022, Plaintiffs promptly notified AmGUARD of a claim under the Policy.

COMPLAINT - 4

4883-0559-4414.2

MILLER NASH LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

24. On or about January 7, 2022, AmGUARD assigned Jasmine Myer to investigate and adjust Plaintiffs' claim.

25. On January 10, 2022, Plaintiffs provided AmGUARD with a preliminary estimate of recommended work to repair the damages to the Property along with pictures of the damage. Plaintiffs informed AmGUARD that they would proceed with these necessary repairs with AmGUARD's consent.

26. On January 12, 2022, Myer told Plaintiffs that AmGUARD had retained Guardian Group to perform an inspection of the Property.

27. Guardian performed an inspection of Plaintiffs' Property on January 14, 2022.

28. Having received no response from AmGUARD to their request to perform repairs, Plaintiffs once again advised AmGUARD that they would need to begin repairs to mitigate further damage to the Property.

29. On January 21, 2022, Myer on behalf of AmGUARD advised Plaintiffs that AmGUARD consented to Plaintiffs' repairs to stop water damage at the Property and to "protect the property from further damages," but did not provide Plaintiffs with any evaluation of coverage.

30. On January 27, 2022, Guardian completed its Inspection Report regarding damages to Plaintiffs' Property.

31. Guardian's Inspection Report (dated January 27, 2022) advised that the water intrusion at the Property "is a result of a phenomenon known as ice damming." The Inspection Report also specifically detailed that the "water damage observed by Guardian is recent. Guardian did not observe evidence of a long-standing or recurring water intrusion issue."

32. On February 7, 2022, Plaintiffs advised AmGUARD that they would be obtaining an estimate for repairs to the inside of the Property soon and would like AmGUARD's consent to complete those repairs, as well as consent to retain a roofer to assist with roofing damage to prevent short-term and long-term damage to the Property.

COMPLAINT - 5

4883-0559-4414.2

MILLER NASH LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

33. Between February 11 and February 23, 2022, Plaintiffs emailed AmGUARD multiple times to request AmGUARD's formal coverage position, including its consent to move forward with additional repairs based on the repair estimates, and received no response.

34. On February 23, 2022, Plaintiffs were informed that AmGUARD had assigned a second claims adjuster, Keoni Johnson, to evaluate the "liability portion" of Plaintiffs' claim, including the potential negligence of the prior owners, which may have resulted in property damage.

35. Receiving no communications from AmGUARD for over three weeks, on March 2, 2022, Plaintiffs again emailed their claims adjuster, Myer at AmGUARD, to request AmGUARD's coverage position. Myer did not respond.

36. On or about March 15, 2022, Plaintiffs asked their insurance broker to contact the AmGUARD underwriter to try to obtain a response regarding AmGUARD's coverage position.

37. Nearly three months after Plaintiffs tendered their claim to AmGUARD, on March 21, 2022, AmGUARD notified Plaintiffs that it was wholly denying Plaintiffs' claim. The denial letter was directed to Plaintiffs at their business address located at 4114 94th Ave SE, Mercer Island, Washington 98040.

38. In AmGUARD's denial letter, AmGUARD provided no legal analysis, citation to applicable law, or any other information indicating a reasonable investigation into, or consideration of, AmGUARD's coverage obligations to Plaintiffs.

39. In fact, AmGUARD's denial letter explicitly misrepresented the facts of the claim by asserting falsely that the Guardian investigation indicated that the "Guardian group report indicates that damage is long-standing and occurred prior to you owning the property," when in fact the Inspection Report stated the exact opposition: that "Guardian ***did not*** observe evidence of a long-standing or recurring water intrusion issue."

40. AmGUARD's denial letter also recited and relied on other exclusions that do not apply under the well-known analysis set forth by the Washington Supreme Court in *Vision One,*

COMPLAINT - 6

4883-0559-4414.2

MILLER NASH LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

*LLC v. Philadelphia Indem. Ins. Co.*, 276 P.3d 300, 308 (Wash. 2012).

41. In addition, AmGUARD's denial letter cited numerous irrelevant policy terms without any analysis of their applicability and misrepresented the terms of the Policy by failing to include in its coverage denial significant coverage terms and exceptions to exclusions and limitations on coverage.

42. AmGUARD's denial also asserted that AmGUARD had opened a "liability claim" under an insurance policy issued to the prior owner of Hotel Roslyn because of the "date of the cause of loss, prior to your policy period," but Plaintiffs have not received any further information about the "liability claim."

43. Upon information and belief, AmGUARD also denied coverage under the prior Hotel Roslyn owner's insurance policy and has a pattern and practice of denying coverage without proper investigation into the basis of alleged losses under property insurance policies and misrepresenting the coverage available under such policies.

44. Despite Plaintiffs' efforts to discuss and dispute the denial letter with AmGUARD via email several times between March 22, 2022 and April 1, 2022, AmGUARD did not respond.

45. Because of AmGUARD's failure to respond, Plaintiffs had no choice but to hire insurance coverage counsel to attempt to resolve the dispute, at significant additional cost.

46. On May 3, 2022, counsel for Plaintiffs sent AmGUARD a demand letter providing notice pursuant to RCW 48.30.015(8)(a) of the Plaintiffs' intent to bring an action under the Washington Insurance Fair Conduct Act ("IFCA") unless AmGUARD resolved the basis of the action within twenty days. The IFCA letter also requested a complete copy of the Policy.

47. AmGUARD's belated response to Plaintiffs' IFCA notice letter, which Plaintiffs' counsel received on June 1, 2022, reiterated the same inaccurate, wholly speculative, and

COMPLAINT - 7

4883-0559-4414.2

MILLER NASH LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

inconsistent information in the denial letter.[1] AmGUARD also completely ignored Plaintiffs' request for a complete copy of the Policy.[2]

48. On June 13, 2022, Plaintiffs sent another letter responding to AmGUARD's June 1, 2022 letter, offering AmGUARD a final opportunity to resolve the claim prior to filing the instant lawsuit. AmGUARD failed to respond.

49. In bringing this lawsuit, Plaintiffs have relied on the bases for denial stated in AmGUARD's denial letters, and AmGUARD is estopped as a matter of law from relying on any other grounds to deny coverage.

## FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

50. Plaintiffs reallege and incorporate by reference each and every preceding paragraph.

51. Plaintiffs, the named insureds on the Policy, paid valuable premiums in consideration for the Policy.

52. AmGUARD breached its express and implied duties under the Policy by, among other things, unreasonably investigating and denying all coverage to Plaintiffs.

53. By breaching the terms of the Policy, AmGUARD has caused and continues to cause Plaintiffs damages in an amount to be proven at trial but not less than $170,000.

## SECOND CLAIM FOR RELIEF: COMMON LAW BAD FAITH

54. Plaintiffs reallege and incorporate by reference each and every preceding paragraph.

55. AmGUARD owes Plaintiffs a duty of good faith and fair dealing.

56. AmGUARD committed bad faith through multiple acts and omissions, including but not limited to: failing to conduct a reasonable investigation; unreasonably failing to connect

---

[1] AmGUARD's letter was undated, but was received by counsel via mail on June 1, 2022.

[2] The version of the "Policy" provided to Plaintiffs did not include the main Policy Form (BP 00 03 01 10). Counsel obtained a copy of the Policy Form from publicly-available sources. To the extent any terms discussed in this Complaint differ from the complete Policy, Plaintiffs reserve their right to supplement their analysis.

COMPLAINT - 8

4883-0559-4414.2

MILLER NASH LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

the controlling law and language of the Policy to the facts of its insured's loss; failing to put Plaintiffs' economic interests on par with its own; and unreasonably denying Plaintiffs any and all insurance benefits. AmGUARD's unreasonable acts and omissions constitute bad faith under Washington law.

57. AmGUARD's bad faith acts and omissions directly and proximately caused and continue to cause Plaintiffs to suffer damages in an amount to be proven at trial. These include, but are not limited to, the deprivation of benefits owed to Plaintiffs under the Policy and the costs associated with bringing this action for coverage, including court costs and attorney fees.

### THIRD CLAIM FOR RELIEF: PER SE AND NON PER SE CONSUMER PROTECTION ACT VIOLATIONS

58. Plaintiffs reallege and incorporate by reference each and every preceding paragraph.

59. AmGUARD's acts and omissions as described above violated multiple provisions of WAC 284-30-330 including, but not limited to, subsections (1), (2), (4), (7), and (13). AmGUARD's violations are per se violations of RCW 19.86, Washington's Consumer Protection Act (the "CPA").

60. AmGUARD's acts and omissions also constitute non-per se violations of the CPA. As pled above, AmGUARD's unreasonable acts and omissions were unfair or deceptive; occurred in trade or commerce; and affected Washington's policyholders and the public interest.

61. AmGUARD's unfair or deceptive acts and omissions directly and proximately caused and continue to cause Plaintiffs to suffer damages in an amount to be proven at trial. These damages include, but are not limited to, the deprivation of benefits owed to Plaintiffs under the Policy and the costs associated with bringing this action for coverage, including court costs and attorney fees.

62. Plaintiffs are entitled to recover their actual damages, attorney fees, litigation costs, and treble damages, pursuant to RCW 19.86.090.

COMPLAINT - 9

4883-0559-4414.2

MILLER NASH LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

# FOURTH CLAIM FOR RELIEF: INSURANCE FAIR CONDUCT ACT VIOLATION

63. Plaintiffs reallege and incorporate by reference each and every preceding paragraph.

64. On May 3, 2022, pursuant to RCW 48.30.015(8), Plaintiffs sent notice to AmGUARD of their intent to assert a cause of action against AmGUARD under IFCA.

65. AmGUARD failed to resolve Plaintiffs' claim within the 20-day statutory period provided by RCW 48.30.015(8)(a). As such, Plaintiffs have met all statutory requirements necessary to assert and maintain an IFCA cause of action against AmGUARD. RCW 48.30.15(8)(b).

66. AmGUARD is liable to Plaintiffs under IFCA because, among other things, AmGUARD unreasonably denied Plaintiffs' claim for coverage and unreasonably denied Plaintiffs all payment and policy benefits. In the course of denying Plaintiffs' claim, AmGUARD committed numerous unfair claims settlement practices including, but not limited to, those prohibited by Washington Administrative Code provisions 284-30-330 (1), (2), (4), (7), and (13). AmGUARD also violated, at a minimum, Washington Administrative Code 284-30-360 and 284-30-370.

67. AmGUARD's acts and omissions in violation of IFCA have proximately and directly caused and continue to cause Plaintiffs to suffer damages in an amount to be proven at trial.

68. Plaintiffs are entitled to recover their actual damages, attorney fees, litigation costs, and expert witness fees pursuant to RCW 48.30.015(3).

69. The Court may award up to three times Plaintiffs' actual damages pursuant to RCW 48.30.015(2).

# FIFTH CLAIM FOR RELIEF: DECLARATORY RELIEF

70. Plaintiffs reallege and incorporate by reference each and every preceding

COMPLAINT - 10

MILLER NASH LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

4883-0559-4414.2

paragraph.

71.     A clear and present dispute exists between Plaintiffs and AmGUARD concerning their respective rights and obligations as to coverage under the Policy. Accordingly, Plaintiffs seek a declaratory judgment that:

      a.     Coverage for the Claim is afforded to Plaintiffs under the Policy;

      b.     AmGUARD's investigation of the Claim was unreasonable;

      c.     AmGUARD unreasonably denied coverage for the Claim;

      d.     AmGUARD is estopped from denying coverage based on its conduct;

      e.     AmGUARD is limited to asserting the bases for denial that it set forth in its denial letter dated March 11, 2022;

      f.     AmGUARD committed per se and non per se violations of the Washington Consumer Protection Act by its conduct set forth in this Complaint;

      g.     AmGUARD breached the Insurance Fair Conduct Act by its conduct handling Plaintiffs' claim, by unreasonably denying Plaintiffs' claim for coverage, and by unreasonably denying Plaintiffs' payment and policy benefits; and

      h.     Any other declaratory relief as the Court may deem appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor against AmGUARD as follows:

1.     For damages in an amount to be proven at trial, but not less than $170,000;

2.     For declaratory relief;

3.     For an award of attorney fees, expert costs, and other costs incurred in bringing this action;

4.     For prejudgment interest accruing until the date judgment is entered; plus post-judgment interest at the statutory rate;

5.     For treble damages under IFCA; and

COMPLAINT - 11

4883-0559-4414.2

MILLER NASH LLP
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

1    6.      For such other and further relief as the Court deems just and equitable.

DATED this 19th day of August, 2022.

                                          s/ *James T. Yand*
James T. Yand, WSB No. 18730
Miller Nash LLP
Pier 70 ~ 2801 Alaskan Way, Suite 300
Seattle, WA 98121
Telephone: (206) 624-8300
Fax: (206) 340-9599
Email: james.yand@millernash.com

                                                    Attorney for Plaintiffs

COMPLAINT - 12

4883-0559-4414.2

**MILLER NASH LLP**
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599