The Honorable Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HOTEL ROSLYN, LLC F/K/A ELLEN &
NILS, LLC and SKOBO, LLC,
*Plaintiffs*,

v.

AMGUARD INSURANCE COMPANY, a
foreign insurance company,
*Defendant*.

Case No. 2:22-cv-01344-TMC

**PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS**

**Motion Date: April 5, 2024**

ORAL ARGUMENT REQUESTED

Plaintiffs, Hotel Roslyn, LLC f/k/a Ellen & Niles, LLC and Skobo, LLC, move for their reasonable attorneys' fees and costs pursuant to this Court's January 18, 2024 order (the "Sanction Order"). (Dkt. #34). This motion is supported by the contemporaneously filed Declaration of Seth Row ("Row Decl.") and exhibits attached thereto. In accordance with the Sanction Order, Plaintiffs request that they be awarded their reasonable attorneys' fees and costs in the amount of $86,925.40. The requested attorneys' fees and costs are detailed in Exhibit A to the Row Decl.

## I.  BACKGROUND FACTS

As a response to AmGuard's violations of the Federal Rules of Civil Procedure ("Rules") during discovery in this case, in the Sanctions Order, this Court ordered AmGuard to pay Plaintiffs' "reasonable expenses, including attorney's fees." (Dkt. #34 at 2). The recoverable fees and expenses subject to the Sanctions Order are those incurred to: (a) "[o]btain the missing responsive documents, such as by writing discovery letters or emails and conducting telephone

PLAINTIFFS' MOTION FOR ATTORNEY FEES
AND COSTS - 1

conferences," (b) "[r]e-open depositions of witnesses who had already been deposed," and (c) "[b]ring the instant motion for sanctions and to draft [Plaintiffs'] second motion to extend the case schedule." (*Id.*).

The Sanctions Order required Plaintiffs to provide AmGuard with a "calculation of the above sanction, along within a copy of detailed billing records for any attorney's fees and costs requested" by January 25, 2024. (*Id.*) As a show of good faith, on January 25, 2024, Plaintiffs provided AmGuard with the ordered calculation and records, requesting a sum of $69,222.9, which accounted for only those costs incurred after July 24, 2023, the day AmGuard disclosed it had found new emails moments before Ms. Melinda Champluvier's deposition. (Row Decl. Ex. B at 22). Plaintiffs also requested a meet-and-confer to discuss the requested fees and costs. (*Id.*). As has been AmGuard's standard practice in this litigation, AmGuard did not respond. (Row Decl. Ex. C. at 37).

Eventually, after Plaintiffs again requested a meet-and-confer date, the parties met on February 14, 2024 to discuss the requested fees and costs. (Row Decl. Ex. D at 41). At that meeting, AmGuard took the position that it had not yet decided whether to pay the requested attorney's fees and costs. (*Id.*).  Plaintiffs asked AmGuard to give them an answer as to whether it would agree to pay the ordered fees and costs by Friday, February 16, 2024, which AmGuard agreed to do. (Row Decl. Ex. D at 40).

After the mutually agreed deadline passed, on February 20, 2024, AmGuard explained that it would agree to pay about half of the requested fees and costs, raising issues with certain court reporter costs and what it believed were "disproportionate" and "duplicative" fees to, for example, have two attorneys present at the hearing on the motion for sanctions and to draft said motion. (Row Decl. Ex. D at 39-40). AmGuard also took issue with all of Mr. Yand's time. (*Id.* at 39).

Two days later, on February 22, 2024, Plaintiffs agreed to exclude the court reporter costs noted by AmGuard and to remove Mr. Yand's time (the former being a gesture towards an

1    amicable resolution of the fees and cost issue). (Row Decl. Ex. E at 44). After removing these

2    costs, as well as including new fees and cost incurred after the January 25, 2024 email and

3    subject to the Sanctions Order, Plaintiffs requested that AmGuard pay $68,487.4. (*Id.*) Plaintiffs

4    asked that AmGuard notify Plaintiffs whether they would make the required payment by March

5    1, 2024; otherwise, Plaintiffs would seek court intervention to recover the full scope of their

6    recoverable fees and costs under the Sanctions Order, including those before July 24, 2023 and

7    those incurred to collect payment under the Sanctions Order (such as the fees and costs incurred

8    in preparing this motion).

9        As of this filing, AmGuard has not responded to Plaintiffs' February 22, 2024 email.

10   Plaintiffs thus bring the present motion because they have been left with no other choice. (*See*

11   Dkt. #34 at 2 (instructing Plaintiffs to file a motion if the parties cannot reach an agreement on

12   the requested fees and costs)).

13                              **II.   ARGUMENT AND AUTHORITY**

14       The reasonableness of an attorneys' fees and cost award is determined using the Lodestar

15   method. *Camacho v. Bridgeport Financial, Inc*., 523 F.3d 973, 978 (9th Cir. 2008). "Under this

16   method, a district court must start by determining how many hours were reasonably expended on

17   the litigation, and then multiply those hours by the prevailing local rate for an attorney of the

18   skill required to perform the litigation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th

19   Cir. 2008). "[T]he most critical factor in determining the reasonableness of a fee award is the

20   degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (internal citations

21   omitted).

22                *1.  The requested hours are reasonable.*

23       Plaintiffs' request reimbursement for 168.8 hours of legal work directly related to

24   AmGuard's discovery violations and recoverable under the Sanction Order. *See, e.g., Travelers*

25   *Cas. & Sur. Co. of Am. v. Nova Contracting, Inc.,* No. 3:20-CV-05164-JLR, 2020 WL 6318709,

26   at *1 (W.D. Wash. Oct. 28, 2020) ("In addition to fees incurred for legal work performed by

1    attorneys, a party may recover fees incurred for legal work performed by paralegals/legal
2    assistants.").[1] This request is reasonable for three reasons. *First*, all the requested hours were
3    spent in the pursuit of the missing responsive documents; re-opening and retaking depositions;
4    moving the case schedule a second time; preparing, filing, and arguing the motion for sanctions;
5    and seeking the attorney fees and costs ordered by this Court. (*See* Row Decl. Ex. A).

6         *Second*, the requested hours are also limited in time, starting on March 22, 2023, the date
7    Plaintiffs first had to address AmGuard's discovery deficiencies when it failed to timely respond
8    to the Plaintiffs' requests for production, and ending on March 16, 2024. (*See* Row Decl. ¶ 8, Ex.
9    A at 14, 18). *Third*, the requested hours are for work recoverable under the Sanctions Order and
10   comport with the amount of effort required to ensure that AmGuard fulfilled its obligations under
11   the Rules. (*See* Dkt. #24). For example, throughout the course of discovery, Plaintiffs have been
12   forced to spend a significant amount of time and resources to: (i) ensure AmGuard responded to
13   their discovery responses, (ii) repeatedly verify AmGuard's production, and (iii) follow-up with
14   AmGuard to ensure it supplemented its deficient productions. (*See, e.g., id.* at 3-8).
15   Unfortunately, this effort continues to this day—despite the Sanctions Order, AmGuard has: (i)
16   refused to fully reimburse Plaintiffs and (ii) failed to produce the missing audio files or
17   affirmatively asserted that those documents were lost or destroyed. Both are violations of the
18   Sanctions Order and have forced Plaintiffs to spend *more* time and resources to address these
19   issues, which were Court settled in the Sanctions Order.

20        *2.   The hourly rates are reasonable.*

21        Plaintiffs' attorneys and paralegals have charged between $270 and $640 per hour.[2] (*See*
22   Row Decl. ¶¶ 2-6). These hourly rates are reasonable considering their years of insurance and
23   litigation experience. *See Sierra Club v. BNSF Ry. Co.*, 276 F.Supp.3d 1067, 1075 (W.D. Wash.

24
25   ---
     [1] Although Plaintiffs have incurred fees for work performed by legal assistants that are recoverable under the
     Sanctions Order, Plaintiffs are willing to forgo those costs as yet another olive branch and show of good faith to
     resolve the dispute over their attorney fees and costs.

26   [2] Plaintiffs note that a majority of their fees were incurred in 2023 when the highest rate charged was $595.

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

2017) (explaining that "[t]o determine a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." (internal quotations omitted)). For example, Mr. Row's $595 per hour rate is reasonable given his 20 plus years of handling insurance disputes and litigation. *See, e.g., Corker v. Mulvadi Corporation,* No. 2:19-CV-00290-RSL, 2023 WL 6215108, at *2 (W.D. Wash. Sept. 25, 2023) (finding hourly rates between $275 and $955 reasonable)[3]; *Roque v. Seattle Housing Authority*, No. 2:20-CV-00658-JRC, 2021 WL 9649847, at *3 (W.D. Wash. Sept. 28, 2021) (finding hourly rates between $300 and $545 per hour reasonable in Tacoma); *Sierra Club v. BNSF Railroad Co.,* 276 F.Supp.3d 1067, 1075 (W.D. Wash. 2017) (finding hourly rates between $220 to $587.5 reasonable).

3. *The requested fees and costs are reasonable under the loadstar method.*

Plaintiffs' request for $82,517 in fees encompasses the 168.8 hours spent by their attorneys and paralegal in addressing AmGuard's discovery violations and are recoverable under the Sanctions Order. The rates charged by these attorneys and paralegal are reasonable considering their experience and the prevailing market rates. Plaintiffs' costs to re-depose witnesses in this case, $4,408.40, is similarly recoverable under the Sanctions Order. (*See* Row Decl. Ex. A at 19-20). Plaintiffs' time and costs to prepare the present motion, as well as all subsequent pleadings related, and to attend a hearing on this motion, if any, is also recoverable. *See, e.g., Ten Bridges, LLC v. Midas Mulligan, LLC, No. C19-1237JLR,* 2021 WL 5630964, at *2 (W.D. Wash. Dec. 1, 2021) ("Reasonable fees incurred in preparing a fee petition are recoverable as part of a fee award."), *aff'd*, No. 21-35896, 2022 WL 17039001 (9th Cir. Nov. 17, 2022). Moreover, the fees and costs sought are the fees and costs that Plaintiffs have paid to their attorneys.

Plaintiffs, therefore, request that the Court order AmGuard to fully reimburse Plaintiffs

---

[3] The underlying hourly rates can be found in the motion for sanctions, Dkt. #885.

PLAINTIFFS' MOTION FOR ATTORNEY FEES
AND COSTS - 5

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

for the requested fees and costs. *See, e.g., Corker,* 2023 WL 6215108, at \*2 (W.D. Wash. Sept. 25, 2023) (awarding plaintiffs $147,279 in attorneys' fees and costs); *Roque,* 2021 WL 9649847, at \*4 (awarding plaintiffs $142,205.53 in attorneys' fees and costs).

## III.  CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant Plaintiffs motion for attorneys' fees and costs and enter an order requiring AmGuard to pay Plaintiffs $86,925.40, the full amount of the requested attorneys' fees and costs, within 30-days of said order.

*I certify that this memorandum contains 1,665 words, in compliance with the Local Civil Rules.*

DATED this 21st day of March, 2024.

s/Seth H. Row
Seth H. Row, WSBA No. 32905
Stoel Rives LLP
760 SW Ninth Ave, Ste. 3000
Portland, OR 97205
Tel: 503.224.3380
Email: seth.row@stoel.com

s/Fabio Dworschak
James T. Yand, WSBA No. 18730
Fabio C. Dworschak, WSBA No. 59067
Miller Nash LLP
605 5th Ave S, Ste 900
Seattle, WA 98104
Tel: (206) 624-8300
Email: james.yand@millernash.com
         fabio.dworschak@millernash.com

PLAINTIFFS' MOTION FOR ATTORNEY FEES
AND COSTS - 6

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

1

## DECLARATION OF SERVICE

2       I, Jennifer Schnarr, hereby declare under penalty of perjury under the laws of the United

3 States that on this 21st day of March, 2024, the foregoing document was filed using the CM/ECF

4 system which will send notice of the same to all parties, at the addresses set forth below.

5

6

7

8

9

Kevin A. Michael                 ☐ via Hand Delivery
John McDonald                     ☐ via U.S. Mail
Law Offices of Cozen O'Connor    ☒ via E-Service
999 Third Avenue, Suite 1900        ☐ via Email
Seattle, WA 98104
Email: kmichael@cozen.com
Email: jbmcdonald@cozen.com

      Attorneys for Defendant

10

11 SIGNED at Burien, Washington this 21st day of March, 2024.

12                           *s/Jennifer L. Schnarr*

13                           Jennifer L. Schnarr, Legal Assistant
                          Jennifer.Schnarr@millernash.com

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF SERVICE - 7