UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HOTEL ROSLYN, LLC f/k/a ELLEN & NILS, LLC and SKOBO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendant. | Case No. 2:22-cv-01344-TMC<br><br>ORDER TO FILE AMENDED CORPORATE DISCLOSURE STATEMENTS |

This matter comes before the Court on Plaintiffs Hotel Roslyn, LLC and SKOBO, LLC (Dkt. 39), and Defendant AmGuard Insurance Company's (Dkt. 45) cross-motions for summary judgment. As part of its review of those motions, the Court has also reviewed the parties' corporate disclosure statements (Dkt. 5, 6) and requires clarification. The Court finds that the filings do not provide an adequate basis for diversity jurisdiction, and therefore orders Plaintiffs Hotel Roslyn and SKOBO, and Defendant AmGuard, to file amended corporate disclosure statements within seven (7) days of the date of this Order with information sufficient to establish the Court's jurisdiction.

The Court has "an independent obligation to determine whether subject-matter

jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal diversity jurisdiction exists over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). There must be complete diversity of citizenship between the opposing parties. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004).

To assess diversity jurisdiction involving a limited liability company, the Court must consider the domicile of all members of the LLC. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Separately, for corporations, "in a suit involving a subsidiary corporation, the court looks to the state of incorporation and principal place of business of the subsidiary, and not its parent." *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 775 (9th Cir. 1992) (internal citation omitted). There is an exception to this rule of corporate citizenship if the subsidiary is the alter ego of the parent corporation. *Id*. To assist these determinations, Local Civil Rule 7.1(b) requires that corporate disclosure statements must "list those states in which the party, owners, partners, or members" of any disclosed entity "are citizens." *See* LCR 7.1(b).

Subject matter jurisdiction in this case is based on diversity of citizenship. *See* Dkt. 1 at 3. To analyze diversity jurisdiction, the Court must consider the domicile of all members of Plaintiff LLCs Hotel Roslyn and SKOBO, as well as the citizenship of Defendant corporation AmGuard and its corporate owners. *Johnson*, 437 F.3d at 899; *Danjaq*, 979 F.2d at 775. Hotel Roslyn, LLC and SKOBO, LLC's corporate disclosure statement does not identify the domiciles of their LLC members, *see* Dkt. 6; and AmGuard's statement does not identify the place of incorporation or principal place of business of itself or its corporate owners, *see* Dkt. 5.

Accordingly, pursuant to Local Civil Rule 7.1(b), the Court ORDERS Plaintiffs Hotel Roslyn and SKOBO to file an amended corporate disclosure statement identifying the citizenship of every member of the Hotel Roslyn and SKOBO limited liability companies, and ORDERS

ORDER TO FILE AMENDED CORPORATE DISCLOSURE STATEMENTS - 2

Defendant AmGuard to file an amended corporate disclosure statement identifying the place of incorporation and principal place of business of itself and its corporate owners. The parties shall file their amended corporate disclosure statements as soon as possible but no later than May 2, 2024.

Dated this 25th day of April, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER TO FILE AMENDED CORPORATE DISCLOSURE STATEMENTS - 3