UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HOTEL ROSLYN, LLC f/k/a ELLEN & NILS, LLC and SKOBO, LLC, | Case No. 2:22-cv-01344-TMC |
| Plaintiffs, | ORDER REGARDING PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE INFERENCE INSTRUCTION |
| v. | |
| AMGUARD INSURANCE COMPANY, a Pennsylvania corporation, | |
| Defendant. | |

This matter comes before the Court on Plaintiffs Hotel Roslyn, LLC and SKOBO, LLC's motion for further sanctions and request for an adverse inference instruction. Dkt. 69. Defendant AmGuard Insurance Company has responded (Dkt. 79) and Plaintiffs have replied (Dkt. 97). The Court has reviewed the parties' briefing, the relevant record, and applicable law, and heard additional clarification at the pretrial conference from AmGuard regarding its search for the missing phone recording at issue in this motion.[1] For the reasons stated on the record at the pretrial conference (Dkt. 104), the Court GRANTS IN PART and DENIES IN PART Plaintiffs'

---

[1] The call at issue is a phone conversation between AmGuard's claims coordinator, Jasmine Myer, and the Guardian Group engineer investigating Plaintiffs' insurance claim, Charles Delaporte, held sometime between January 14, 2022, and January 18, 2022.

ORDER REGARDING PLAINTIFFS' MOTION FOR SANCTIONS AND ADVERSE INFERENCE INSTRUCTION - 1

motion as follows:

1. Plaintiffs' motion to sanction AmGuard pursuant to Fed. R. Civ. P. 37(b) and the Court's inherent authority, and (a) award Plaintiffs attorney's fees expended to prepare this motion and (b) enter a finding that the missing phone recording contained evidence establishing that water intrusion damage started on December 31, 2021, is DENIED.

2. Plaintiffs' motion under Rule 37(e)(1) to, (a) award Plaintiffs attorney's fees expended to prepare this Motion, (b) allow Plaintiffs to present to the jury that AmGuard failed to preserve the phone recording, details regarding AmGuard's conduct relating to the recording, and assert that the recording likely showed that water intrusion damage started on December 31, 2021, and (c) forbid AmGuard from presenting any evidence, argument, or rebuttal on these issues is GRANTED IN PART and DENIED IN PART.

   a. Plaintiffs will be permitted to question relevant witnesses as to the fact that the phone call should have been recorded per AmGuard policy, but the recording was either not made or was lost. Any assertions or questioning implying that the recording was intentionally destroyed will not be permitted.

   b. Plaintiffs' motion for attorney's fees and exclusion of any response from AmGuard on these issues is DENIED.

3. Plaintiffs' motion under Rule 37(e)(2) for an adverse inference instruction to the jury that it must presume information contained in the missing phone recording was unfavorable to AmGuard and showed that water intrusion damage started on December 31, 2021, is DENIED.

Dated this 15th day of May, 2024.

Tiffany M. Cartwright
United States District Judge