UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HOTEL ROSLYN, LLC f/k/a ELLEN & NILS, LLC and SKOBO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendant. | Case No. 2:22-cv-01344-TMC<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES |

## I.  BACKGROUND

On January 18, 2024, the Court granted Plaintiffs' motion for sanctions against Defendant AmGuard based on the Court's finding that AmGuard "had violated Federal Rule of Civil Procedure 26(g) based on its failure to conduct a reasonably sufficient search for documents responsive to Hotel Roslyn's discovery requests." Dkt. 34 at 1. As a sanction, the Court ordered AmGuard to pay Hotel Roslyn "any reasonable expenses, including attorney's fees" incurred to "obtain the missing responsive documents, such as by writing discovery letters or emails and conducting telephone conferences"; "re-open depositions of witnesses who had already been deposed"; and "bring the … motion for sanctions and to draft Hotel Roslyn's

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 1

second motion to extend the case schedule." Dkt. 34 at 2. The Court also ordered the parties to attempt to reach agreement on the amount of the sanction and to file a contested fee petition if they could not agree. *Id.*

The parties could not agree, and Plaintiffs filed a fee petition seeking attorney's fees of $82,517.00 and expenses of $4,408.40, for a total of $86,925.40. Dkt. 61 at 1. AmGuard opposed the motion, agreeing with the amount of expenses but arguing that the reasonable amount of fees incurred was only $35,000.00. Dkt. 64 at 2. AmGuard argues that some fees sought are outside the scope of the sanctions the Court ordered, and that others represent unreasonable amounts of time expended on preparing the motion for sanctions and this fee petition. *See id.* at 4, 6–11. AmGuard has identified each billing entry it believes is unreasonable. Dkt. 65 at 28–40. In reply, Plaintiffs reduced their total amount sought to $83,443.40 (plus fees incurred drafting the reply). Dkt. 66 at 11. The Court must now determine what amount is reasonable.

## II.   LEGAL STANDARD

"District courts must calculate awards for attorneys' fees using the 'lodestar' method." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quotation marks and citation omitted). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* The lodestar figure is "presumptively a reasonable fee award," but "the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.*; *see Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (enumerating 12 factors to consider), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).

District courts do not apply the *Kerr* factors in every case. "[T]here is a 'strong presumption' that the lodestar figure is reasonable," *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010), and the *Kerr* factors "are largely subsumed within the initial calculation of

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 2

reasonable hours expended at a reasonable hourly rate, rather than the subsequent determination of whether to adjust the fee upward or downward," *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1212 (9th Cir. 1986); *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) ("We have previously said that only in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees.").

Under Federal Rule of Civil Procedure 54(d)(2)(C), when ruling on a motion for attorney's fees, the Court "must find the facts and state its conclusions of law as provided in Rule 52(a)," meaning "the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1), 54(d)(2)(C).

### III.  FINDINGS OF FACT

To calculate the lodestar amount, the Court relies on the following findings of fact.

1. AmGuard has not challenged the reasonableness of Plaintiffs' counsel's hourly rates, and the Court agrees that the rates are reasonable.

2. The parties agree that the reasonable costs incurred for follow-up depositions totaled $4,408.40. *See* Dkt. 62-57. The Court agrees and finds those costs are reasonable.

3. Hours expended before July 24, 2023 are outside the scope of the Court's order. The Court intended to award sanctions encompassing the time spent to obtain the missing documents discovered through additional searches of electronically stored information following the deposition of Melinda Champluvier. This finding requires the following reductions in the hours expended:

| Timekeeper | Hours Billed Before 7/24/23 | Fee Reduction |
|---|---|---|
| Fabio Dworschak | 4.9 | $2,229.50 |

| Timekeeper | Hours | Fees |
|---|---|---|
| Seth Row | 6.1 | $3,629.50 |
| James Yand | 5 | $2,975.00 |
| **Total Fee Reduction** | | **$8,834.00** |

4. The entries listed in the table below are also outside the scope of the Court's sanctions order and must be removed from the hours reasonably expended:

| Timekeeper | Date | Description of Entry | Hours Sought | Fees Sought |
|---|---|---|---|---|
| Fabio Dworschak | 2/15/24 | Emails with Kevin M. regarding missing interview document | .2 | $99.00 |
| | 2/21/24 | Continue drafting response to MSJ (.8); conference with Seth Row and Jim Yand regarding same (.3) | 1.1 | $544.50 |
| | 2/22/24 | Continue drafting response to MSJ (1.5) | 1.5 | $742.50 |
| Amy Jones | 12/19/23 | Analyze documents for evidence of January 6th email and renovations at 72 percent capacity | .5 | $135.00 |
| Seth Row | 9/13/23 | Instruct associate re responding to discovery requests | .2 | $119.00 |
| | 9/19/23 | Instruct associate regarding discovery responses | .3 | $178.50 |
| James Yand | 2/21/24 | Prepare email to Lars and Ellen re fee petition and summary judgment motion by AmGuard | .4 | $256.00 |
| | 2/22/24 | Conference with Lars re summary judgment and attorney fee petition | .2 | $128.00 |
| **Total Fee Reductions** | | | | **$2,202.50** |

5. The entries listed below are "block billed," without contemporaneous increments of time for each task, interfering with the Court's ability to review the reasonableness of the hours expended. The Court will reduce the fees for these time entries by twenty percent.

| Timekeeper | Date | Hours Billed | Fees Sought |
|---|---|---|---|
| Fabio Dworschak | 10/10/2023 | 5.2 | $2,366.00 |
|  | 10/11/2023 | 5 | $2,275.00 |
|  | 10/12/2023 | 5.1 | $2,320.50 |
|  | 10/25/2023 | 2.5 | $1,137.50 |
|  | 10/26/2023 | 2.6 | $1,183.00 |
|  | 10/27/2023 | 1.9 | $864.50 |
|  | 11/1/2023 | 2.9 | $1,319.50 |
|  | 11/2/2023 | .5 | $227.50 |
|  | 11/6/2023 | 2.1 | $955.50 |
|  | 11/10/2023 | 4.3 | $1,956.50 |
|  | 11/11/2023 | 1.6 | $728.00 |
|  | 11/13/2023 | 1.5 | $682.50 |
|  | 11/14/2023 | 1.8 | $819.00 |
| **Total Fees Sought** |  |  | **$16,835.00** |
| **20% Reduction for Block Billing** |  |  | **$3,367.00** |

6. Apart from the above reductions, the hours otherwise sought in Plaintiffs' fee petition were reasonably expended.

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 5

7. The Court's reductions in fees sought by Plaintiffs total $14,403.50.

8. The fees sought minus the Court's reductions total $68,113.50.

## IV. CONCLUSIONS OF LAW

1. The Court approves reasonable hourly rates of $595 per hour for partner Seth Row; $455 and $495 per hour for special counsel Fabio Dworschak; $395 per hour for associate Mark Tyler; and $305 and $330 per hour for paralegal Carol McCoy.

2. A twenty percent reduction of block-billed fees is reasonable. Plaintiffs bear the burden of documenting the specific hours expended. *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007); *Sierra Club v. BNSF Ry. Co.*, 276 F. Supp. 3d 1067, 1073–74 (W.D. Wash. 2017).

3. Plaintiffs are entitled to their reasonable attorney's fees in preparing this fee petition. *Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1332, 1325 (9th Cir. 1996); *TVI, Inc. v. Harmony Enterprises, Inc.*, No. C18-1461-JCC, 2019 WL 5213247, at *1 (W.D. Wash. Oct. 16, 2019).

4. The lodestar amount of attorney's fees is $68,113.50.

5. The lodestar amount is reasonable and application of the *Kerr* factors is not warranted.

6. The Court awards Plaintiffs $68,113.50 in attorney's fees.

7. The Court awards Plaintiffs $4,408.40 in reasonable costs.

## V. CONCLUSION

Plaintiffs' motion for attorney's fees (Dkt. 61) is GRANTED IN PART and DENIED IN PART as set forth above. Defendant AmGuard is ORDERED to pay Plaintiffs $4,408.40 in costs and $68,113.50 in attorney's fees within 30 days of the date of this Order. Unless the parties

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 6

agree otherwise regarding the form of payment, AmGuard shall make the payment by delivering to Plaintiffs' counsel a certified check in that amount made out to "Miller Nash, LLP."

Plaintiffs may seek their fees for drafting the reply brief in support of their fee petition by filing either a stipulated or contested motion within 21 days of the date of this Order.

Dated this 28th day of May, 2024.

Tiffany M. Cartwright
United States District Judge