UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HOTEL ROSLYN, LLC f/k/a ELLEN &
NILS, LLC and SKOBO, LLC,

               Plaintiffs,

    v.

AMGUARD INSURANCE COMPANY, a
Pennsylvania corporation,

               Defendant.

Case No. 2:22-cv-01344-TMC

# FINAL JURY INSTRUCTIONS

Dated this 3rd day of June, 2024.

Tiffany M. Cartwright
United States District Judge

- 1

**INSTRUCTION NO. 1**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**INSTRUCTION NO. 2**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 3**

The evidence you are to consider in deciding what the facts are consists of:

      (1)    the sworn testimony of any witness;

      (2)    the exhibits that are admitted into evidence;

      (3)    any facts to which the lawyers have agreed; and

      (4)    any facts that I instruct you to accept as proved.

### INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### INSTRUCTION NO. 5

Some evidence may be admitted only for a limited purpose.

When I instructed you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

1

## INSTRUCTION NO. 6

2

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such

3 as testimony by a witness about what that witness personally saw or heard or did. Circumstantial

4 evidence is proof of one or more facts from which you could find another fact. You should

5 consider both kinds of evidence. The law makes no distinction between the weight to be given to

6 either direct or circumstantial evidence. It is for you to decide how much weight to give to any

7 evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 8**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

During this trial, you heard deposition testimony from Jon Aguirre, Danielle Bricker, Melinda Champluvier, and Brian Dougherty. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**INSTRUCTION NO. 9**

You have heard testimony from Ben Borland and Tom Lether, who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness. Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 10**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**INSTRUCTION NO. 11**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**INSTRUCTION NO. 12**

The parties have agreed to certain facts to be placed in evidence as Exhibit 124. You must therefore treat these facts as having been proved.

**INSTRUCTION NO. 13**

Plaintiffs (Hotel Roslyn, LLC f/k/a Ellen & Nils, LLC and Skobo, LLC) claim that AmGuard Insurance Company has violated its common-law duty to act in good faith. To prove this claim, Plaintiffs (Hotel Roslyn, LLC f/k/a Ellen & Nils, LLC and Skobo, LLC) have the burden of proving each of the following propositions:

(1) That AmGuard Insurance Company failed to act in good faith in one of the ways claimed by Plaintiffs;

(2) That Plaintiffs were damaged; and

(3) That AmGuard Insurance Company's failure to act in good faith was a proximate cause of Plaintiffs' damage.

If you find from your consideration of all of the evidence that each of these propositions has been proved, your verdict on the claim of failure to act in good faith should be for Plaintiffs. On the other hand, if any of these propositions has not been proved, your verdict on the claim of failure to act in good faith should be for AmGuard.

**INSTRUCTION NO. 14**

An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests, and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

In proving that an insurer failed to act in good faith, an insured must prove that the insurer's conduct was unreasonable, or frivolous, or unfounded. The insured is not required to prove that the insurer acted dishonestly or that the insurer intended to act in bad faith.

The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim.

An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

**INSTRUCTION NO. 15**

Plaintiffs (Hotel Roslyn, LLC f/k/a Ellen & Nils, LLC and Skobo, LLC) claim that AmGuard Insurance Company has violated the Washington Insurance Fair Conduct Act. To prove this claim, Plaintiffs have the burden of proving each of the following propositions:

(1) That AmGuard unreasonably denied a claim for coverage;

(2) That Plaintiffs were damaged; and

(3) That AmGuard's act or practice was a proximate cause of Plaintiffs' damage.

If you find from your consideration of all of the evidence that each of these propositions has been proved, your verdict on this claim should be for Plaintiffs. On the other hand, if any of these propositions has not been proved, your verdict on this claim should be for AmGuard.

**INSTRUCTION NO. 16**

Plaintiffs (Hotel Roslyn, LLC f/k/a Ellen & Nils, LLC and Skobo, LLC) claim that AmGuard Insurance Company has violated the Washington Consumer Protection Act. To prove this claim, Plaintiffs have the burden of proving each of the following propositions:

(1) That AmGuard engaged in an unfair or deceptive act or practice;

(2) That the act or practice occurred in the conduct of AmGuard's trade or commerce;

(3) That the act or practice affects the public interest;

(4) That Plaintiffs were injured in either their business or their property; and

(5) That AmGuard's act or practice was a proximate cause of Plaintiffs' injury.

If you find from your consideration of all of the evidence that each of these propositions has been proved, your verdict should be for Plaintiffs on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for AmGuard on this claim.

1

**INSTRUCTION NO. 17**

2      A violation of the statute relating to settlement of insurance claims is an unfair or

3  deceptive act or practice in the conduct of AmGuard's trade or commerce. A violation of this

4  statute also affects the public interest.

5      If you find that a violation of this statute has occurred, then you must find that the first

6  three elements of a Consumer Protection Act violation have been proved.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**INSTRUCTION NO. 18**

A violation, if any, of one or more of the following requirements is a breach of the duty of good faith and an unfair or deceptive act or practice in the business of insurance:

Misrepresenting pertinent facts or insurance policy provisions.

Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

Refusing to pay claims without conducting a reasonable investigation.

Failing to affirm or deny coverage of claims within a reasonable time after fully completed proof of loss documentation has been submitted.

Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

**INSTRUCTION NO. 19**

Plaintiffs (Hotel Roslyn, LLC f/k/a Ellen & Nils, LLC and Skobo, LLC) have suffered an "injury" if their business or property has been injured to any degree. Under the Consumer Protection Act, Plaintiffs have the burden of proving that they have been injured, but no monetary amount need be proved and proof of any injury is sufficient, even if expenses or losses caused by the violation are minimal.

Injuries to business or property, if any, include: financial loss, loss of professional business reputation, loss of goodwill, and loss of customers.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**INSTRUCTION NO. 20**

The term "proximate cause" means a cause which in a direct sequence produces the injury complained of and without which such injury would not have happened. There may be more than one proximate cause of an injury.

**INSTRUCTION NO. 21**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  The other person is called a principal.  One may be an agent without receiving compensation for services. The agency agreement may be oral or written.

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

**INSTRUCTION NO. 22**

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages, the Court does not mean to suggest how your verdict should be rendered.

The insurance Policy that AmGuard Insurance Company sold to Plaintiffs (Hotel Roslyn, LLC f/k/a Ellen & Nils, LLC and Skobo, LLC) is a contract that provides coverage for the cost to repair physical property damage to insured property (the Hotel) that occurred after the policy began, on December 30, 2021. The policy also provides coverage for business income that Plaintiffs lost as a result of covered physical property damage (that is, physical property damage that occurred after the policy began).

The Court has determined that AmGuard breached the insurance Policy by denying any coverage for Plaintiffs under the Policy. It is up to you to determine if Plaintiffs are entitled to damages for AmGuard's breach of the insurance Policy and if so, how much.

In order to recover actual damages, the plaintiff has the burden of proving that plaintiff incurred actual damages as a result of the defendant's breach, and the amount of those damages.

If you find that plaintiff has proved that plaintiff incurred actual damages and the amount of those actual damages, then you shall award actual damages to the plaintiff.

Actual damages are those losses that were reasonably foreseeable, at the time the contract was made, as a probable result of a breach. A loss may be foreseeable as a probable result of a breach because it follows from the breach either

(1) in the ordinary course of events, or

(2) as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.

In calculating the plaintiff's actual damages, you should determine the sum of money that will put the plaintiff in as good a position as plaintiff would have been in if both plaintiff and defendant had performed all of their promises under the contract.

The burden of proving damages rests with the plaintiff and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence. You must be governed by your own judgment, by the evidence in the case, and by these instructions, rather than by speculation, guess, or conjecture.

**INSTRUCTION NO. 23**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

You have heard testimony that the prior owners of the Hotel Roslyn had a policy of insurance with AmGuard Insurance Company.

The prior owners are not a party to this litigation.  Only the prior owners are able to assert a claim for breach of contract of the prior owner's insurance policy. You are not to award Plaintiffs damages for any amounts that you believe should have been covered under the prior owners' policy.

You may consider this evidence only as it pertains to Plaintiffs' claims for bad faith, violation of the Insurance Fair Conduct Act, or violation of the Consumer Protection Act, and not for any other purpose.

**INSTRUCTION NO. 24**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

Along with determining the amount of damages, if any, to award to Plaintiffs (Hotel Roslyn, LLC f/k/a Ellen & Nils, LLC and Skobo, LLC) on their breach of contact claim, you must determine the amount of money that will reasonably and fairly compensate Plaintiffs for such damages as you find were proximately caused by any other claim that Plaintiffs have proven.

The burden of proving damages rests on Plaintiffs. It is for you to determine, based upon the evidence, whether Plaintiffs have proven damages by a preponderance of the evidence. Your award of damages must be based upon evidence and not upon speculation, guess, or conjecture.

You will be asked in the verdict form to determine a separate damage award for each of Plaintiffs' three claims that are in addition to Plaintiffs' claim for breach of contract. You must consider each claim that Plaintiffs has proven as if it were the only claim in the case.

**INSTRUCTION NO. 25**

If you find that AmGuard Insurance Company violated the Insurance Fair Conduct Act and that Plaintiffs suffered damages as a result of such a violation, you may consider whether to enhance those damages.

In considering whether or not to enhance Insurance Fair Conduct damages you must consider whether Plaintiffs have proven that an enhanced award is necessary to punish AmGuard for its conduct or to deter AmGuard from engaging in similar conduct in the future.

You may award whatever enhanced damages you believe are appropriate, but the sum of the Insurance Fair Conduct Act damages and the enhanced damages cannot exceed three times the amount of the Insurance Fair Conduct Act damages.

**INSTRUCTION NO. 26**

If you find that AmGuard Insurance Company violated the Consumer Protection Act and that Plaintiffs suffered damages as a result of such a violation, you may consider whether to enhance those damages.

In considering whether or not to enhance Consumer Protection Act damages you must consider whether Plaintiffs have proven that an enhanced award is necessary to 1) rehabilitate Plaintiffs financially; 2) encourage private citizens to bring actions benefitting the public; 3) deter AmGuard from engaging in similar conduct in the future; 4) punish AmGuard for its conduct.

You may award whatever enhanced damages you believe are appropriate, but the sum of the Consumer Protection Act damages and the Consumer Protection Act enhanced damages cannot exceed three times the amount of the Consumer Protection Act damages.

**INSTRUCTION NO. 27**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk.) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court

immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**INSTRUCTION NO. 28**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

1    These rules protect each party's right to have this case decided only on evidence that has

2    been presented here in court. Witnesses here in court take an oath to tell the truth, and the

3    accuracy of their testimony is tested through the trial process. If you do any research or

4    investigation outside the courtroom, or gain any information through improper communications,

5    then your verdict may be influenced by inaccurate, incomplete, or misleading information that

6    has not been tested by the trial process. Each of the parties is entitled to a fair trial by an

7    impartial jury, and if you decide the case based on information not presented in court, you will

8    have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it

9    is very important that you follow these rules.

10          A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

11   mistrial could result that would require the entire trial process to start over. If any juror is

12   exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 29**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 30**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 31**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign, and date it, and advise the clerk that you are ready to return to the courtroom.