The Honorable Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOTEL ROSLYN, LLC F/K/A ELLEN & NILS, LLC and SKOBO, LLC, *Plaintiffs*, <br><br> v. <br><br> AMGUARD INSURANCE COMPANY, a foreign insurance company, *Defendant*. | Case No. 2:22-cv-01344-TMC <br><br> **PLAINTIFFS' POST-JUDGMENT MOTION FOR ATTORNEY FEES** <br><br> Motion Date: July 12, 2024[1] <br><br> WITHOUT ORAL ARGUMENT |

Plaintiffs, Hotel Roslyn, LLC f/k/a Ellen & Niles, LLC and Skobo, LLC, move for their attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d)(2) under the Insurance Fair Conduct Act ("IFCA") and Consumer Protection Act ("CPA") based on the jury's verdict finding that Defendant AmGuard Insurance Company violated both statutes (the "Motion"). (*See* Dkt. #128 at 3, 5-7). This Motion is supported by the contemporaneously filed Declaration of James Yand ("Yand Decl.") and three exhibits attached thereto: Exhibit A lists the attorneys' fees between February 2022 and August 2022; Exhibit B the attorney fees between August 2022 and June 2024;[2] and Exhibit C list the attorneys' fees from Stoel Rives after Mr. Row moved

---

[1] To the extent necessary, Plaintiffs request that the Court retain jurisdiction and power to amend or modify the judgment until it decides the present motion. The motion date has been set at over 21 days to comply with the LCR 7(d).

[2] Exhibit A is the original matter opened for Plaintiffs' case against AmGuard. (Yand Decl. ¶ 11). Once litigation became inevitable, a separate matter was opened for the litigation, which is contained in Exhibit B. (*Id.* ¶ 12). Due to the timing of the filing of the complaint in August 2022, there is some cross over between the two matters. (*Id.*) The original matter is still open but it now contains fees for Plaintiffs' case against the builders of the Hotel. (*Id.* ¶ 11). Plaintiffs' attorneys have reviewed Exhibit A to exclude time not directly related to the litigation against AmGuard.

PLAINTIFFS' POST-JUDGMENT MOTION FOR
ATTORNEY FEES - 1

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

from Miller Nash to Stoel Rives in late 2023.[3] This motion is also supported by the Declaration of Michael A. Moore ("Moore Decl."), an expert retained to opine on the reasonableness of Plaintiffs' request for attorney fees.

## I.   INTRODUCTION

As the Court is aware, this case arose from the catastrophic water damage to Hotel Roslyn ("Hotel") that commenced on December 31, 2021, one day after the Plaintiffs' purchased Hotel from its prior owners. As the jury and this Court have collectively concluded, AmGuard violated its policy with Plaintiffs, IFCA, and CPA. These violations, individually and combined, require that AmGuard pay Plaintiffs' reasonable attorneys' fees to prosecute their claims against AmGuard. Plaintiffs, therefore, respectfully request that the Court award Plaintiffs their reasonable attorneys' fees in the amount of $886,798.5 for 1,874.5 hours of legal work to prosecute Plaintiffs' claims against AmGuard over a 27-month period.  Plaintiffs' further request $4,845 in expert costs to support his motion and the request for attorneys' fees.

## II.   BACKGROUND FACTS

Plaintiffs' Hotel suffered catastrophic water damage on December 31, 2021. In the months that followed, AmGuard failed to live up to its obligations under their policy with Plaintiffs' (the "Policy"). In March 2022, Plaintiffs retained Miller Nash LLP to evaluate, and subsequently prosecute, their claims against AmGuard. From there, it took 27 months (*i.e.*, until June 2024) to reach a final resolution of this case and for Plaintiffs to receive the benefit of the Policy they paid for. In that time, Plaintiffs incurred reasonable attorneys' fees to prosecute their rights during the pre-litigation, litigation, and post-litigation stages. Plaintiffs' reasonable attorneys' fees in each stage is briefly summarized below and fully detailed in the attached

---

(*Id.*).

[3] Given the ongoing lawsuits against the prior owners and the companies that built the Hotel, Plaintiffs have redacted attorney-client communications in each of the three exhibits. Such redactions are identified in red and marked "Privileged." If necessary, Plaintiffs can provide the Court with an unredacted version of each exhibit for an *in-camera* review.  Moreover, the exhibits contain black redactions that are for legal work not directly related to the case against AmGuard.

PLAINTIFFS' POST-JUDGMENT MOTION FOR
ATTORNEY FEES - 2

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

1    exhibits.

2        During the pre-litigation phase, between March and August 19, 2022, Plaintiffs'

3    attorneys, among other things: (i) advised them on insurance coverage, (ii) advised them on their

4    rights under the Policy, (iii) communicated with AmGuard related to the wrongful denial of the

5    claim, including drafting an IFCA notice and related documents, and (iv) prepared a strategy to

6    pursue litigation against AmGuard for the denial of coverage. (*See* Yand Decl. Exs. A, B). Jim

7    Yand and Jodi Green[4] were primarily involved in this phase of the case.

8        During the litigation phase, between August 19, 2022 (the date Plaintiffs filed their

9    lawsuit) and June 4, 2024 (the date of the jury verdict), Plaintiffs' attorneys performed several

10   tasks directly related to and with the aim of holding AmGuard accountable for its breach of the

11   Policy and violations of IFCA and CPA. (*See* Yand Decl. Exs. B, C). Unfortunately, due to

12   AmGuard conduct during this phase, Plaintiffs' attorneys were forced to expend a significant

13   amount of time ensuring that AmGuard fulfilled its obligations under the Federal Rules of Civil

14   Procedure. (*See, e.g.,* Dkt. ##24, 25, 28, 69, 70, 97, 98).

15       In addition to dealing with AmGuard's repeated violations of the Federal Rules of Civil

16   Procedure, Plaintiffs' attorneys filed successful motions for summary judgment and to exclude

17   AmGuard's expert, as well as successfully defending against AmGuard's motion for summary

18   judgment. These acts greatly advantaged Plaintiffs' case against AmGuard. Plaintiffs' attorneys

19   then successfully prosecuted and presented Plaintiffs' case at trial with the jury returning a

20   verdict for the Plaintiffs on all counts and for nearly treble enhanced damages (2.94 times, to be

21   exact).

22       Plaintiffs' attorneys during this phase of the case consisted of Seth Row, Fabio

23   Dworschak, Jim Yand, and Mark Tyler. Paralegals Carol McCoy, Amy Jones,[5] and Heather

24

25   _____

     [4] Ms. Green left the Miller Nash at the end of 2022.

26   [5] Ms. Jones assisted in this case while Ms. McCoy was preparing for and attending a trial in Alaska.

PLAINTIFFS' POST-JUDGMENT MOTION FOR
ATTORNEY FEES - 3

1    Magga[6] and legal staff members Joseph Spring and Skyler Helsley (electronic discovery staff

2    members) and Universo Norman (department assistant) also assisted in this phase of the case.

3        In the current post-litigation phase, which runs from June 5 and July 4, 2024, Plaintiffs'

4    attorneys have labored to ensure that Plaintiffs receive the full amount of their reasonable

5    attorneys' fees incurred to prosecute the case against AmGuard, as well as to recoup their

6    litigation costs and receive pre-judgment interest on the liquidated damages awarded by jury.

7    (*See* Yand Decl. Ex. C). Plaintiffs' attorneys during this phase of the case are Jim Yand, Fabio

8    Dworschak, and Mark Tyler with assistance from Carol McCoy.[7]

9        Collectively, Plaintiffs' attorneys have worked 1,874.5 hours in pursuit of Plaintiffs

10   claims against AmGuard.[8] (*See* Yand Decl. Ex. A (showing 67.5 hours), Ex. B (showing 1,514.6

11   hours), Ex. C (showing 292.4 hours)). Such time translates to $886,798.5 in necessary and

12   reasonable attorneys' fees.[9] (*Id.* ¶¶ Ex. A (showing $35,392.5 in fees), Ex. B (showing

13   $690.152.50 in fees), Ex. C (showing $161,253.5 in fees)).

14                       **ARGUMENT AND AUTHORITY**

15   **A.  LEGAL GROUNDS FOR ATTORNEY'S FEES.**

16        In diversity cases, such as this case, "the law of the state in which the district court sits

17   determines whether a party is entitled to attorney fees, [but] the procedure for requesting an

18

19    ───────────────

[6] Ms. Magga joined this case once Mr. Row moved to Stoel Rives.

20
   [7] Throughout the life of this case other attorneys, summer associates, and legal assistants worked on and billed on
21   this case. However, as a show of good faith and reasonableness, these billers with minimal involvement in the case
   have been removed from the present request for attorney fees.

22   [8] This request excludes the hours and fees previously awarded by the Court. (*See* Dkt #113). However, upon further
23   review, Plaintiffs identified 3.2 hours spent in support of the motion for fees that were inadvertently excluded due to
   the Mr. Row's move to Stoel Rives. Plaintiffs thus seek those inadvertently excluded costs in this Motion (*i.e.*,
24   $1,904). Similarly, the fees excluded from the Court's prior order—*namely*, those identified on pages 3 and 4 of the
   order—and Mr. Yand's time related to said motion are sought through this Motion.

25   [9] Under the Court's Order Granting Motion for Attorney's Fees, the Court awarded Plaintiffs "their fees for drafting
   the reply brief in support of their fee petition." (Dkt. 113 at 7). The total amount of such fees is $8,148.  AmGuard
26   has represented that it has added $8,000 to the prior sanctions award to cover the sought after fees for the reply.
   Plaintiffs seek the difference between those two numbers in this Motions (*i.e.*, $148).

PLAINTIFFS' POST-JUDGMENT MOTION FOR
ATTORNEY FEES - 4

award of attorney fees is governed by federal law."[10] *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). There are three legal grounds for awarding Plaintiffs, as the prevailing party, their reasonable attorneys' fees in this case.

First, Plaintiffs can recover their attorneys' fees under IFCA: IFCA "permit[s] an award of attorney fees and costs to the prevailing party." *Gosney v. Fireman's Fund Ins. Co.*, 3 Wn.App. 2d 828, 885, 419 P.3d 447, 479 (2018); RCW 48.30.015(3) ("The superior court shall, after a finding of unreasonable denial of a claim for coverage or payment of benefits . . . award reasonable attorneys' fees and actual and statutory litigation costs . . . to the first party claimant of an insurance contract who is the prevailing party in such an action.").

Second, Plaintiffs can recover their attorneys' fees under the CPA: "[a]ny party who prevails on a CPA claim may recover reasonable attorney fees at trial and on appeal." *Coventry Asso. v. Am. States Ins. Co.,* 106 Wn.App. 1064 (2001); *Travis v. Washington Horse Breeders Ass'n, Inc.*, 111 Wash. 2d 396, 409 (1988) (explaining that "a successful plaintiff is entitled to fees under the [CPA]"); RCW 19.86.90 (providing that "any person who is injured [by a violation of the CPA] may bring a civil action in superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee").

Finally, Plaintiffs can recover their attorneys' fees under *Olympic Steamship*: "an award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract." *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wash. 2d 37, 53 (1991). This rule applies in coverage disputes like the breach of policy in this case. *See Ainsworth v. Progressive Cas. Ins. Co.,* 180 Wn.App. 52, 81

---

[10] The underlying legal basis for this motion differs from the prior request because, unlike the prior motions for attorney fees (Dkt. ##24, 69), which were based on federal law due to violations of the federal rules of civil procedure, this motion arises from the availability of fees after entry of judgment on state law claims. Nevertheless, the federal and Washington standards are essentially the same. *See, e.g., Gochev v. First Am. Prop. & Cas. Ins. Co.,* No. C22-159-MLP, 2024 WL 216531, at *12 (W.D. Wash. Jan. 19, 2024) (applying state and federal law co-extensively to the attorney fee determination).

PLAINTIFFS' POST-JUDGMENT MOTION FOR
ATTORNEY FEES - 5

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

1    (2014) (explaining the *Olympic Steamship* rule "applies in coverage disputes").

2    Therefore, individually and collectively, Plaintiffs, the prevailing party on each of their

3    claims, are entitled to their reasonable attorneys' fees to prosecute the IFCA claim (under IFCA),

4    CPA claim (under the CPA), and breach of the policy (under *Olympic Steamship*).[11] And, as

5    discussed below, the fees requested are reasonable.

6    **B.  PLAINTIFFS' REQUEST FOR THEIR ATTORNEY FEES IS REASONABLE**

7    The reasonableness of attorney's fees under Washington law is determined by using the

8    two-step lodestar method. *Mehlenbacher v. DeMont*, 103 Wn.App. 240, 248 (2000); *MKB*

9    *Constructors v. Am. Zurich Ins. Co.*, 83 F.Supp.3d 1078, 1085 (W.D. Wash. 2015) (applying

10   Washington law to determine post-judgment attorneys' fees under IFCA and *Olympic*

11   *Steamship*). "First, the award is determined by multiplying a reasonable hourly rate by the

12   number of hours reasonably expended on the matter." *Mehlenbacher,* 103 Wn.App. at 248

13   (internal quotations omitted). "Second, the award is adjusted either upward or downward to

14   reflect factors not already taken into consideration." *Id.* (internal quotations omitted). Because

15   Plaintiffs do not request an adjustment of the lodestar award, the second prong is not discussed in

16   this motion. (*Cf.* Moore Decl. ¶ 9 (explaining that, even though Plaintiffs are not requesting

17   enhancement under the lodestar method, such enhancement would be appropriate here given the

18   highly successful outcome at trial and difficult in prosecuting coverage cases)).

19   The reasonable attorneys' fee determination should not "be an unduly burdensome

20   proceeding for the court or the parties." *Steele v. Lundgren*, 96 Wn.App. 773, 786 (1999). "As

21   long as the award is made after considering the relevant facts and the reasons given for the award

22   are sufficient for review, a detailed analysis of each expense claimed is not required." *Id.*

23

24   ───────────────

25   [11] Furthermore, because these claims all arose from the same set of facts and are so intertwined, no segregation is possible or required. § 6:29. Attorney's fees—Amount—Calculating the "lodestar" fee, 16 Wash. Prac., Tort Law And Practice § 6:29 (5th ed.); *see also Gosney v. Fireman's Fund Ins. Co.,* 3 Wn.App.2d 828, 887 (2018); *MP Med.*

26   *Inc. v. Wegman*, 151 Wn.App. 409, 426 (2009).

PLAINTIFFS' POST-JUDGMENT MOTION FOR
ATTORNEY FEES - 6

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

a. *Step 1A: The hourly rates are reasonable*

This Court has already concluded that the rates charged by attorneys Seth Row ($595), Fabio Dworschak ($455 and $495), and Mark Tyler ($395) and paralegal Carol McCoy ($305 and $330) are reasonable. (Dkt. #113 at 6). The hourly rate for Jim Yand ($565 in 2022; $595 in 2023; $640 in $2024), Jodi Green ($475), Heather Magga ($365), Amy Jones ($270), Universo Norman ($200), Joseph Spring ($190), and Skyler Helsey ($170) are similarly reasonable. (*See* Yand Decl. ¶¶ 2-8; More Decl. ¶ 8); *see e.g., Corker v. Mulvadi Corporation,* No. 2:19-CV-00290-RSL, 2023 WL 6215108, at *2 (W.D. Wash. Sept. 25, 2023) (finding hourly rates between $275 and $955 reasonable); *Sierra Club v. BNSF Railroad Co.,* 276 F.Supp.3d 1067, 1075 (W.D. Wash. 2017) (finding hourly rates between $220 to $587.5 reasonable); *Absher Const. Co. v. Kent Sch. Dist. No. 415,* 79 Wn.App. 841, 848 (1995) (explaining that "the fees of non-lawyer personnel may be properly requested as part of an attorney fee award").

b. *The requested hours are reasonable*

"Ultimately, a reasonable number of hours equals [t]he number of hours . . . [which] could reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (internal quotations omitted). Recoverable hours include those incurred during the pre-litigation, litigation, and post-litigation phase. *See, e.g., Gochev,* 2024 WL 216531, at *12 (explaining *Olympic Steamship* and IFCA allow for recovery of pre-litigation attorney fees); *MKB Constructors,* 83 F.3d at 1084-85 (explaining litigation costs are recoverable under IFCA and *Olympic Steamship*); *Costanich v. Washington State Dep't of Soc. & Health Servs.*, 164 Wash. 2d 925, 933 (2008) (explaining that "[t]he general rule is that time spent on establishing entitlement to a court awarded attorney fee is compensable[.]"); *Baskett v. Country Mut. Ins. Co.*, No. C15-1317-JCC, 2017 WL 2256771, at *3 (W.D. Wash. May 23, 2017) (quoting *Costanich*); (*see also* Dkt. #113 at 6 (explaining "Plaintiffs are entitled to their reasonable attorney's fees in preparing this fee petition").

Plaintiffs request reimbursement for $886,798.5 for 1,874.5 hours of legal work they

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599

were reasonably billed by their attorneys between March 2022 and June 17, 2024. The requested fees are reasonable for several reasons. *First*, all the hours requested were spent prosecuting Plaintiffs' claims against AmGuard and achieving a verdict in favor of Plaintiffs with enhanced damages, as occurred in this case. (*See also* Moore Decl. ¶ 9 (explaining that, "based on my experience and review of the records provided, the fees charged by Miller Nash and Stoel Rives are reasonable given the experience and difficulties inherent in prosecuting coverage cases against large and well-funded insurance companies" and "[t]hat highly successful outcome at trial, where the jury found in favor of plaintiff on all counts, is another factor weighing in favor of full recovery of fees billed and paid by plaintiff")). To the extent AmGuard claims such hours are unreasonable or excessive, it only has itself to blame—as AmGuard's conduct before and during this case was the moving force driving up Plaintiffs' attorneys' fees.

*Second*, the requested fees are based on discounted rates (amounting to a discount of at least $27,659) and further periodic discounts (amounting to $22,207.50). (Yand Decl. ¶ 11). *Third*, the requested fees are *less than* the full amount Plaintiffs actually paid in this case, as the requested fees exclude worked billed to the client but performed by attorneys, summer associates, and legal assistants with minimal involvement in this case (amounting to $5,057). (*Id.* ¶ 15). Collectively, the two discounts and the time excluded for the additional billers amounts to an overall deduction of $54,923.5.[12]

*Finally*, the requested fees reflect strategic decisions by Plaintiffs' attorneys not to pursue all of AmGuard's discovery violations or to chase down witnesses, such as Sonia Pervez, who evaded Plaintiffs' subpoenas. These decisions significantly *decreased* the amount of time and monetary expended to prosecute the case against AmGuard.

Plaintiffs, therefore, request that the Court enter an order requiring AmGuard to reimburse Plaintiffs for their reasonable attorney fees in the amount of $886,798.5 (*See, e.g.,*

---

[12] If the Court determines that some amount of the requested fees should be deducted, Plaintiffs request that the Court apply this sum as an offset to any such deduction.

PLAINTIFFS' POST-JUDGMENT MOTION FOR
ATTORNEY FEES - 8

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

Moore Decl. ¶¶ 8-10, 15; Yand Decl. ¶ 17). Plaintiffs' further request $4,845 in expert costs to support his motion and the request for attorneys' fees. (*Id*. ¶ 16).

### III.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant Plaintiffs motion for attorneys' fees under Federal Rule of Civil Procedure 54(d)(2) and enter an order requiring AmGuard to pay Plaintiffs $886,798.5 in attorneys' fees and $4,845 in expert costs.

*I certify that this memorandum contains 2882 words, in compliance with the Local Civil Rules.*

DATED this 18th day of June, 2024.

s/Fabio Dworschak
James T. Yand, WSBA No. 18730
Fabio C. Dworschak, WSBA No. 59067
Miller Nash LLP
605 5th Ave S, Ste 900
Seattle, WA 98104
Tel: (206) 624-8300
Email: james.yand@millernash.com
       fabio.dworschak@millernash.com

PLAINTIFFS' POST-JUDGMENT MOTION FOR
ATTORNEY FEES - 9

**DECLARATION OF SERVICE**

I, Cara Lowrance, hereby declare under penalty of perjury under the laws of the United States that on this18th day of June, 2024, the foregoing document was filed using the CM/ECF system which will send notice of the same to all parties, at the addresses set forth below.

| | |
|---|---|
| Kevin A. Michael | ☐ via Hand Delivery |
| John McDonald | ☐ via U.S. Mail |
| Law Offices of Cozen O'Connor | ☒ via E-Service |
| 999 Third Avenue, Suite 1900 | ☐ via Email |
| Seattle, WA 98104 | |
| Email: kmichael@cozen.com | |
| Email: jbmcdonald@cozen.com | |

   Attorneys for Defendant

SIGNED at Seattle, Washington this 18th day of June, 2024.

       *s/Cara Lowrance*_____
       Cara Lowrance, Legal Assistant
       Cara.Lowrance@millernash.com

DECLARATION OF SERVICE - 10

**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA  98104
206.624.8300 | Fax: 206.340.9599