UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HOTEL ROSLYN, LLC f/k/a ELLEN & NILS, LLC and SKOBO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendant. | Case No. 2:22-cv-01344-TMC<br><br>ORDER ON ATTORNEY'S FEES |

### I.   INTRODUCTION

On June 4, 2024, the jury in this matter returned a verdict in favor of Plaintiffs and the Court entered a judgment in Plaintiffs' favor for $725,000. Dkt. 128, 129. Now, before the Court is Plaintiffs' motion for attorney's fees. Dkt. 131. Plaintiffs seek a total of $886,798.50 for 1,874.5 hours of legal work performed over 27 months, as well as $4,845.00 in expert costs to support the fee motion. *Id.* at 2. Defendant AmGuard opposes the motion in part, agreeing that Plaintiffs are entitled to fees but arguing the amount sought is unreasonable. Dkt. 144. AmGuard has identified billing entries that it contests and suggests the Court award fees of $446,905.00. *Id.* at 1. The Court GRANTS Plaintiffs' motion in part as set forth below.

## II. LEGAL STANDARD

It is undisputed that Plaintiffs are the prevailing parties on their claims under Washington's Consumer Protection Act and Insurance Fair Conduct Act. Both statutes entitle the prevailing party to attorney's fees. RCW 19.86.090 (CPA); RCW 48.30.015(3) (IFCA). Plaintiffs are also entitled to fees under *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), as the prevailing party in an action "where the insurer compel[ed] the insured to assume the burden of legal action, to obtain the full benefit of [the] insurance contract." *Id.* at 53. The parties agree that the Court should calculate the fee award using the lodestar method under Washington law. Dkt. 131 at 4–5; Dkt. 144 at 7; *see Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007).

Under the lodestar method, there are two steps to calculating a reasonable fee award. "First, the award is determined by multiplying a reasonable hourly rate by the number of hours reasonably expended on the matter." *Mehlenbacher v. DeMont*, 103 Wn. App. 240, 248, 11 P.3d 871 (2000) (cleaned up). The trial court may "reduce the number of allowable hours for 'duplicative work or other unproductive time.'" *Id.* at 249 (quoting *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597, 675 P.2d 193 (1983)). "Second, the award is adjusted either upward or downward to reflect factors not already taken into consideration." *Id.* (internal quotation marks and citation omitted). Plaintiffs do not seek an upward adjustment.

Under Federal Rule of Civil Procedure 54(d)(2)(C), when ruling on a motion for attorney's fees, the Court "must find the facts and state its conclusions of law as provided in Rule 52(a)," meaning "the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1), 54(d)(2)(C).

## III. FINDINGS OF FACT

To calculate the lodestar amount, the Court relies on the following findings of fact.

1. The jury in this matter found for Plaintiffs on all claims and awarded Plaintiffs almost all the damages they sought. Dkt. 128.

2. After the Court applied the cap on statutory enhanced damages under the Consumer Protection Act, the total judgment in Plaintiffs' favor based on the jury's verdict was $725,000.00.

3. AmGuard has not challenged the reasonableness of Plaintiffs' counsel's hourly rates, and the Court agrees that the rates are reasonable.

4. AmGuard has not challenged the expenses incurred for Plaintiffs' fee expert, Michael Moore, and for the purposes of this motion, the Court finds those expenses are reasonable.

5. Plaintiffs' redactions of portions of their fee entries to preserve attorney-client and work-product protections has not prevented the Court from conducting a meaningful review of the billing records.

6. AmGuard challenges much of the time billed by James Yand as duplicative or unproductive. Dkt. 144 at 5–6; *see Mehlenbacher*, 103 Wn. App. at 248. Mr. Yand responds by explaining he was the primary attorney handling the client relationship, overseeing the case for several months of the litigation, and leading mediation and settlement discussions. Dkt. 148. Mr. Yand has provided a reasonable explanation of his role in the litigation. It is not unusual or unreasonable for another attorney (Mr. Yand) to provide input or review pleadings or preparation for depositions or hearings even when those tasks are primarily handled by other attorneys on the team (Seth Row and Fabio Dworschak), particularly given Mr. Yand's relationship with the client and other

7. AmGuard challenges time billed for a reply brief in support of Plaintiffs' motions in limine, which is not allowed under the court rules and was never filed. Dkt. 144 at 6. The Court agrees that this time was unproductive and not reasonably expended. This results in a reduction of 4.9 hours for Mr. Tyler, for a total fee reduction of $1,935.50.

8. AmGuard challenges time billed for a motion for an unsuccessful motion for further sanctions. Dkt. 144 at 6. The Court agrees that this time was unproductive and not reasonably expended. This results in a reduction of 17 hours for Mr. Dworschak (*see* Dkt. 145 at 19–20) and a reduction of 1.1 hours for Mr. Tyler (*see id.* at 33), for a total fee reduction of $8,458.50.

9. AmGuard challenges some of the time billed by Plaintiffs' counsel's support staff as clerical rather than legal in nature, such as scheduling depositions, booking court reporters, downloading and organizing files, and making hotel and travel arrangements. Dkt. 144 at 6–7; see *Absher Const. Co. v. Kent Sch. Dist. No. 415*, 79 Wn. App. 841, 845, 917 P.2d 1086 (1995). The Court agrees that these are clerical rather than legal tasks. This results in a reduction of 14.7 hours for Amy Jones (*see* Dkt. 145 at 22–24) and 20.6 hours for Carol McCoy (*see id.* at 24–28), for a total fee reduction of $10,767.00.

10. Apart from the above reductions, the hours otherwise sought in Plaintiffs' fee petition were reasonably expended.

11. The Court's reductions in fees total $21,161.00.

12. The fees sought minus the Court's reductions total $865,637.50.

ORDER ON ATTORNEY'S FEES - 4

(continued from previous page) litigation arising from the damage to the hotel. Mr. Yand's time was reasonably expended.

## IV. CONCLUSIONS OF LAW

1. The Court approves reasonable hourly rates of $565–$640 for partner James Yand; $595 for partner Seth Row; $455–$495 for special counsel Fabio Dworschak; $475 for special counsel Jodi Green; $395 for associate Mark Tyler; $365 for paralegal Heather Magga; $305–$330 for paralegal Carol McCoy; $270 for paralegal Amy Jones; $200 for litigation department assistant Universo Norman; $190 for eDiscovery coordinator Joseph Spring; and $170 for eDiscovery analyst Skyler Helsley.

2. The Court rejects AmGuard's argument that the fee request is disproportionate considering the actual damages awarded. *See F.C. Bloxom Co. v. Fireman's Fund Ins. Co.*, No. 10-1603-RAJ, 2012 WL 13019053, at *4 (W.D. Wash. Dec. 4, 2012) ("The court rejects the notion, implicit in Fireman's Fund's argument, that Bloxom's expenditure of attorney fees would be more or less reasonable if its policy claim had been for $30,000 or $300,000."). Although under Washington law, a court may consider "the size of the amount in dispute in relation to the fees requested" in "assessing the reasonableness of a fee request," that factor is less important when fees are awarded under statutes meant to protect the public interest, such as the CPA and IFCA. *Ewing v. Glogowski*, 198 Wn. App. 515, 524, 394 P.3d 418 (2017). And even if relevant, the fee requested here is proportional to the amount awarded by the jury. AmGuard cites no authority for its argument that enhanced statutory damages should be excluded from the "amount in dispute."

3. The Court will not consider the parties' history of settlement discussions. Under Washington law, "[e]vidence of settlement negotiations of an underlying claim

ORDER ON ATTORNEY'S FEES - 5

are not admissible as to proving attorney fees for that claim." *Ewing*, 198 Wn. App. at 522 (citing *Humphrey Indus., Ltd. v. Clay St. Assocs., LLC*, 170 Wn.2d 495, 508, 242 P.3d 846 (2010)). AmGuard has not provided any Washington authority to the contrary.

4. AmGuard's arguments for a substantial fee reduction ignore the jury's finding that AmGuard acted in bad faith in denying Plaintiffs' insurance claim. This litigation—and all the attorney's fees AmGuard now must pay—could have been avoided entirely if AmGuard had honored its duty to its insured. Washington law recognizes that in insurance cases, "allowing an award of attorney fees will encourage the prompt payment of claims." *Olympic Steamship*, 117 Wn.2d at 53. "When an insured purchases a contract of insurance, it seeks protection from expenses arising from litigation, not vexatious, time-consuming, expensive litigation with his insurer." *Id.* at 52 (internal quotation marks and citation omitted). When an insured is vindicated by a jury after time-consuming and expensive litigation, as Plaintiffs were here, they are entitled to the reasonable attorney's fees it took to prevail.

5. The lodestar amount of attorney's fees is $865,637.50.

6. The lodestar amount is reasonable and there is no basis for adjustment upward or downward.

7. The Court awards Plaintiffs $865,637.50 in attorney's fees.

8. The Court awards Plaintiffs $4,845.00 in expert costs for Mr. Moore.

ORDER ON ATTORNEY'S FEES - 6

## V. CONCLUSION

Plaintiffs' motion for post-judgment attorney's fees (Dkt. 131) is GRANTED IN PART and DENIED IN PART as set forth above. The judgment in this case (Dkt. 129) is amended to award Plaintiffs attorney's fees of $865,637.50 and expert costs of $4,845.00.

Dated this 21st day of August, 2024.

Tiffany M. Cartwright
United States District Judge